UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>   v.<br><br>KHALIB, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01567-ADA-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 14) |

Plaintiff Cornel Jackson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 20, 2023, the assigned Magistrate Judge filed findings and recommendations, recommending that Plaintiff's complaint be dismissed, except for its claims of retaliation against the named Defendants Khalib, Quick, Alva, Villanueva, Lesage, Townsend, Cpl. Rivera, and Officer P. Rivera, and the claim of an equal protection violation against named Defendant Garza. (ECF No. 14.)[1]  The Magistrate Judge provided Plaintiff 14 days within which to file any objections to the findings and recommendations.  (*Id.* at 2-3.)  On February 2, 2023, Plaintiff filed his objections to the findings and recommendations.  (ECF No. 15.)

---

[1] The findings construed Plaintiff's January 9, 2023, (ECF No. 12), filing to be a notice to proceed only on the claims found cognizable by the Court as set forth in the second screening order issued December 21, 2022.  (*See* ECF No. 14 at 2.)

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
2    *de novo* review of this case.  Having carefully reviewed the file, including Plaintiff's objections,
3    the Court finds the findings and recommendations to be supported by the record and proper
4    analysis.  In his objections, Plaintiff argues that his conspiracy claim and the other named
5    Defendants subject to the Fourteenth Amendment equal protection claim must not be dismissed.
6    (ECF No. 15 at 4.)  Plaintiff argues that he sufficiently alleges the elements of conspiracy, including
7    Defendants' alleged pattern and practice to harass Plaintiff daily for almost a year.  (*Id.* at 3.)
8    Plaintiff further argues that Defendants Mendoza and Guzman should not be dismissed with respect
9    to his equal protection claim because they had enforced an official custom to violate Plaintiff's
10   equal protection rights. (*Id.* at 4.)  More specifically, Plaintiff argues that Defendants Guzman and
11   Garza "worked hand in hand in depriving" Plaintiff of his equal protection.  (*Id.* at 4-5.)

12   The Court disagrees with Plaintiff's objections.  The Court reiterates that Plaintiff fails to
13   allege plausibly a violation of his equal protection rights against Defendants Mendoza and Guzman
14   because he fails to allege a causal connection between their actions and the denial of his equal
15   protection rights.  (ECF No. 11 at 11.)  Furthermore, the Court finds that Plaintiff fails to allege
16   with specificity that Defendants had engaged in a conspiracy.  *See Olsen v. Idaho State Bd. of Med.*,
17   363 F.3d 916, 929 (9th Cir. 2004).

18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

2

Accordingly,

1. The findings and recommendations issued on January 20, 2023, (ECF No. 14), are ADOPTED in full;
2. The claims in Plaintiff's complaint are DISMISSED, *except* for claims of retaliation against the named Defendants Khalib, Quick, Alva, Villanueva, Lesage, Townsend, Cpl. Rivera, and Officer P. Rivera, and the claim of an equal protection violation against named Defendant Garza, pursuant to 42 U.S.C. § 1983;
3. Defendants Guzman and Mendoza are DISMISSED from this action; and
4. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 20, 2023

UNITED STATES DISTRICT JUDGE