UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>             Plaintiff,<br><br>    v.<br><br>KHALIB, et al.,<br><br>             Defendants. | Case No. 1:20-cv-01567-ADA-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S NOTICE OF REJECTION OF SETTLEMENT AGREEMENT**<br><br>**RESPONSE DEADLINE: 21 DAYS** |

Plaintiff Cornel Jackson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set for the below, the Court orders a response from both parties no later than 21 days from the date of this order.

**I.     BACKGROUND**

A settlement conference was held in this matter before Magistrate Judge Erica P. Grosjean on September 26, 2023. (Doc. 40 [minutes].) The parties reached a settlement, the terms and conditions of which were noted on the record; dispositional documents were to be filed within 60 days. (*Id.*)

    **A.  Plaintiff's Notice**

On October 30, 2023, Plaintiff filed a document titled "Notice of Rejection of Settlement Agreement as Submitted by Defendants." (Doc. 41.)

Plaintiff states he "agreed to a settlement agreement during" the September 26, 2023,

settlement conference before Judge Grosjean "but was reserved because Defendants would only agree to settle if the same named defendants could not be liable in any other civil complaint for wrongs committed prior to or since the filing of [Plaintiff's] complaint." (Doc. 41 at 2.) Plaintiff states he "is open to settlement agreement but can not in good conscious agree to free defendants for all other potential wrongs unrelated to the ones named herein." (*Id*.) Plaintiff contends he "should not be restricted from exercising his rights to seek relief in the courts, this illegal attempt and unethical approach to bundle unrelated potential constitutional wrongs that may or may not exist is absolutely unrealistic." (*Id*.) Citing to fifth provision of the written settlement agreement, Plaintiff asserts this matter may be resolved only if Defendants "are willing to offer 10x the amount" offered during the settlement conference, or $40,000, "which would prohibit Plaintiff from filing civil litigation against name[d] defendants, except for the two civil actions already filed by Plaintiff" in this Court. (*Id*.) Those two other actions are: (1) No. 1:19-cv-01591-JLT-EPG, *Jackson v. Quick, et al.*; and (2) No. 1:23-cv-00149-HBK, *Jackson v. Marley, et al*. (*Id*.) Plaintiff states he wishes to "resolve this matter in its entirety," but unless his "counter is granted Plaintiff will move to jury trial in this matter." (*Id*.)

## B. Defendants' Reply

Defendants Alva, Garza, Khela, Le Sage, Quick, Rivera, Townsend and Villanueva filed a reply to Plaintiff's notice on November 1, 2023. (Doc. 42.)  Defendants state that in exchange for the sum of $4,000 "the parties agreed that Plaintiff would dismiss this action with prejudice, and waive all claims and causes of action, known or unknown, against all Defendants for any events occurring up to the date of the settlement agreement, *except* those claims" asserted in No. 1:19-cv-01591-JLT-EPG, *Jackson v. Quick, et al*., and No. 1:23-cv-00149-HBK, *Jackson v. Marley, et al*. (Doc. 42 at 1-2, emphasis in original.) Defendants assert the terms of the settlement agreement were read into the record on September 26, 2023, and that a written settlement agreement would "memorialize the same terms … but that if there was any issue with coming to terms with the written agreement, the Court would enforce the parties' verbal agreement itself pursuant to the terms read into the record." (*Id*. at 2.) Thereafter, Defendants forwarded a written settlement agreement to Plaintiff for his review and signature. (*Id*.) Defendants did not receive a response.

(*Id*.) Regarding Plaintiff's notice of October 30, 2023, Defendants contend Plaintiff "wants to 'reject' the settlement agreement because he does not want to waive all existing claims he may have against the Defendants for events that may have occurred up to the date of the agreement." (*Id*.) Defendants argue Plaintiff apparently has "'buyer's remorse'" and wishes to reject the settlement agreement but has no legal basis to do so. (*Id*.) Defendants contend an agreement on the record is binding, even here a party has a change of heart. (*Id*. at 3.) Because Plaintiff agreed to the term of the settlement as read into the record on September 26, 2023, Defendants contend the agreement is binding and Plaintiff may not now reject the settlement. (*Id*.) Defendants' reply is supported by the Declaration of Wiley R. Driskill. (Doc. 42-1.) Exhibit A to the declaration includes a cover letter enclosing the written settlement agreement to Plaintiff (*id*. at 42-1 at 8) and two unexecuted copies of the written settlement agreement (*id*. at 42-1 at 5-12).[1]

**II.     Analysis**

The Court has reviewed the agreement as stated on the record, as well as the agreement presented to Plaintiff in writing, as follows.

**A. The Agreement Set Forth on the Record at the Settlement Conference**

The Court has reviewed the audio recording from the proceedings of September 26, 2023. Initially, Judge Grosjean stated "as soon as there is a written settlement agreement, that is binding. But if for some reason you can't agree to a written settlement agreement, then you come back to me, and either I will, I'll impose reasonable terms to the extent you need it, or I could just enforce these terms."

Relevant here, the material terms and conditions of the settlement agreement included "a payment from Defendants to Plaintiff for $4,000 dollars. That's inclusive of any fees and costs. And in exchange for that, Mr. Jackson is going to dismiss this case, 20-cv-1567, with prejudice. He is also going to waive his right to any other lawsuit or claims regarding him being at Madera County Jail unless it is already part of a lawsuit that is pending." The cases pending before this Court were recorded by Judge Grosjean as "19-cv-1591, that's before Judge Thurston and myself,

---

[1] The two copies appear identical; thus the Court presumes two copies of the written settlement agreement were provided in error.

3

1  that was filed on November 7, 2019. There's also a pending case, Jackson v. Marley, 23-cv-149,
2  before Judge Barch-Kuchta that was filed on January 31, 2023. Those cases can continue and
3  you're not going to be waiving any rights to continue those cases. But it means that if there, if
4  Plaintiff wishes to have a new claim, or a new assertion or a lawsuit, that is about … Madera
5  County Jail, and is not part of those lawsuits, he's waiving his rights to that."

6  When Judge Grosjean asked if there were any questions before inquiring into each party's
7  agreement, Plaintiff asked "Are you saying anything from this point prior?" The judge responded
8  affirmatively. Plaintiff then asked, "So anything they do here after, then I still can litigate that,
9  correct?" Judge Grosjean responded, "Yes. It would be new actions though, new things, new
10 things that happen." Defense counsel Driskill responded, "That's correct."

11 Thereafter, all parties agreed to settle the case "on these terms." Judge Grosjean ordered
12 dispositional documents be filed within 60 days and advised the parties that if more time was
13 needed, a request for additional time should be directed to "the judge on this case, so Judge
14 Oberto." Further, Judge Grosjean stated, "If something does fall apart in getting the written
15 settlement agreement, you can contact my courtroom deputy" and that the written agreement will
16 have "all the fine print, you sign that, and that's going to be the binding terms."

### B. Written Settlement Agreement

The fifth provision of the written settlement agreement prepared by Defendants states in its entirety:

> **Release of Claims**. Plaintiff agrees to accept said terms and conditions in this Agreement in full settlement and compromise of the issues, claims and allegations in the Action, and agrees that same shall fully and forever discharge and release all claims and causes of action, appeal rights, or remedies, whether now known or now unknown, which Plaintiff has or might have or could have asserted in any forum, against the County, its officials, employees, representatives or agents, or against Harmail Khela (incorrectly spelled "Khalib"), Jayson Quick, Vernon Le Sage, Will Townsend, Johnney Garza, Andreas Villanueva, Angela Rivera, and Stephen Alva, as individuals, or their heirs or assigns, in the Action arising out of the incidents which are the subject thereof, ***except*** those claims and causes of action that are currently asserted as of the date of this Agreement in E.D. Cal Distict [sic] Court Case No. 1:19-cv-01591-JLT-EPG, and E.D. Cal. District Court Case No. 1:23-cv-00149-HBK. Plaintiff's waiver of claims includes, but is not limited to, any alleged claims and violations under or in tort, personal

4

> injury, state or federal constitutional rights, the Tom Bane Civil Rights Act (Cal. Civil Code § 52.1, et seq.), the California Government Code; the California Constitution, the United States Constitution; the California Code of Regulations; 42 U.S.C. section 1983 et seq., and any requested relief in relation to same, including but not limited to equitable relief, injunctive relief, declaratory relief, monetary relief, writ relief, restitution, disgorgement, damages, attorneys' fees and costs. Plaintiff expressly acknowledges that this release is intended to include in its effect, without limitation, all claims in the Action that he does not know or suspect to exist in his favor and that this release contemplates the extinguishment of all such claims and causes of action that are or could be addressed in the Action.

(Doc. 42-1 at 6, 14, emphasis in original.)

### C.  The Parties Shall Respond Within 21 Days

After reviewing the agreement as set forth on the record, the Court finds that Plaintiff agreed to settle the case for $4,000.  In exchange, Plaintiff agreed to dismiss this case, 20-cv-1567, with prejudice. He also agreed to waive his right to any other lawsuit or claims regarding him being at Madera County Jail, based on events occurring before the date of the settlement conference, unless it is already part of a lawsuit that is pending. The lawsuits that were pending, and thus not included in the settlement, were 19-cv-1591, and Jackson v. Marley, 23-cv-149. Other than those two cases, Plaintiff agreed to waive any rights to a new claim, or a new assertion or a lawsuit, that is about Madera County Jail.

The proposed settlement agreement appears consistent with this agreement on the record.

Nevertheless, the Court will order the parties to respond with their position on the following issues:

1. Do you contend that the written settlement agreement differs materially from what was agreed to on the record?  If so, explain the difference.
2. Are there are any other objections to the proposed written settlement agreement?
3. Would you agree to the settlement agreement with the substitution of the following scope of release in place of the currently proposed fifth provision of the written settlement:

Plaintiff agrees to dismiss this case, 20-cv-1567, with prejudice. He also agrees to waive his right to any other lawsuit or claims regarding him being at Madera County Jail, based on events occurring before the date of the settlement

5

conference, unless it is already part of a lawsuit that is pending. The lawsuits that were pending, and thus not included in the settlement, were 19-cv-1591, and Jackson v. Marley, 23-cv-149. Other than those two cases, Plaintiff agrees to waive any rights to a new claim, or a new assertion or a lawsuit, that is about Madera County Jail.

Once the Court is in receipt of the parties' responses, the Court will direct the parties concerning any additional action, including an order enforcing the settlement agreement as written or as modified to reflect the scope of the waiver already set forth on the record.

### III.   CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that the parties **SHALL** respond in writing to the inquiries posed by the Court herein **within 21 days** of the date of this order.

IT IS SO ORDERED.

Dated:   **November 7, 2023**          /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE

6