UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>KHALIB, et al.,<br><br>        Defendants. | Case No. 1:20-cv-01567-NODJ-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO RESCIND THE SETTLEMENT AGREEMENT**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Cornel Jackson is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case has been pending since November 2020 and proceeds on Plaintiff's First Amendment retaliation claims against Defendants Khalib, Quick, Alva, Villanueva, Lesage, Townsend, Cpl. Rivera and Officer Rivera, as well as an equal protection violation alleged against Defendant Garza.

A settlement conference was held in this matter before Magistrate Judge Erica P. Grosjean on September 26, 2023. (Doc. 40 [minutes].) The parties reached a settlement, the terms and conditions of which were noted on the record, and dispositional documents were to be filed within 60 days. (*Id*.) However, on October 30, 2023, Plaintiff filed a document titled "Notice of Rejection of Settlement Agreement as Submitted by Defendants" (Doc. 41), which purports to rescind the settlement agreement. Defendants replied to Plaintiff's filing the following day. (Doc. 42.)

For the reasons set forth below, the Court recommends denying Plaintiff's motion to rescind the settlement agreement and enforcing the settlement agreement as set forth below.

## I. BACKGROUND

A settlement conference was held in this matter before Magistrate Judge Erica P. Grosjean on September 26, 2023 via Zoom videoconferencing. Present were Plaintiff Cornel Jackson, Wiley Driskill on behalf of the named Defendants, and Darin McCandless on behalf of the County of Madera.

*The Settlement Conference Proceedings*

Following mediation by the undersigned, the parties agreed to material terms of the settlement on the record, as follows:

> THE COURT: Okay. So we have been in a settlement conference. I believe we have reached an agreement on material terms. First, let me tell you what that means. I think we have the most important terms of the settlement, and I am going to state what they are and we're going to see if everyone agrees to them.
>
> I do think there's going to be a written settlement agreement. And as soon as there's a written settlement agreement that has other more minor terms, as soon as there is a written settlement agreement, that is binding. But if for some reason you can't agree to a written settlement agreement, then you'll come back to me and either I will - - I'll impose reasonable terms to the extent you need it or I could just enforce these terms if really there's no other material or non-material terms. So when you do agree, you should consider this binding, but I do think there's going to be a written settlement agreement that has more fine print.
>
> So with that said, the terms that I understand is that there will be a payment from defendants to plaintiff for $4,000, that's inclusive of any fees and costs. And in exchange for that, Mr. Jackson is going to dismiss this case, 20-CV-01567, with prejudice. He is also going to waive his right to any other lawsuit or claims regarding him being at Madera County Jail unless it is already part of a lawsuit that is pending.
>
> The lawsuits that I know that are pending, and I took this by doing a query in the Eastern District for Mr. Jackson's name, are there's a case, 19-CV-1591 that's before Judge Thurston and myself that was filed on November 7th, 2019. There's also a pending case, Jackson versus Marley, 23-CV-149, before Judge Barch-Kuchta that was filed on January 31, 2023.
>
> Those cases can continue, and you're not going to be waiving any rights to continue those cases. But it means that if plaintiff wishes to have a new claim or a new assertion or a lawsuit that is about

2

1    Fresno County Jail - - I'm sorry, Madera County Jail and is not part of those lawsuits, he's waiving his rights to that.

2

3    Let me see if anyone has more either to add or ask a question about before we see if there's agreement.

4    Mr. Jackson, is there any more you want to add or ask a question about?

5

6    MR. JACKSON: Are you saying that anything from this point prior?

7    THE COURT: Yes.

8    MR. JACKSON: But anything that they do hereafter, then I can still litigate that, correct?

9

10   THE COURT: Yes.

11   MR. JACKSON: Okay.

12   THE COURT: It would be new actions, though. New things, new things that happen.

13   MR. JACKSON: Correct. Correct, okay.

14   THE COURT: Okay. Mr. Driskill?

15   MR. DRISKILL: That's correct.

16   THE COURT: Okay. Mr. Jackson, do you agree to settle the case on these terms?

17

18   MR. JACKSON: Yes, ma'am.

19   THE COURT: And, Mr. Driskill, on behalf of yourself and defendants, do you agree to settle the case on these terms?

20   MR. DRISKILL: Yes.

21   THE COURT: And, Mr. McCandless, on behalf of yourself and defendants, do you agree to settle the case on these terms?

22

23   MR. McCANDLESS: Yes.

24   THE COURT: Okay. Then I am going to vacate all pending dates in the 20-CV-01567 matter. I'm going to order dispositional documents to be filed in 60 days. That's where you actually agree to the dismissal. If you need more time, you file something with your judges on this case, so Judge Oberto. If something does fall apart in getting the written settlement agreement, you can contact my courtroom deputy, but I think it will probably go okay. So probably you get a new settlement agreement soon with all the fine print. You sign that, and then that's going to be the binding terms.

25

26

27

28

3

|   |   |
|---|---|
| 1 | Okay. Well, thank you very much. I'll admit I didn't have my hopes up, but I really appreciate everybody working together on this. And I'm glad to see that at least part of these litigations and this case is resolved. Thank you. |
| 2 | |
| 3 | |
| 4 | Okay, thank you very much. Court is adjourned. |
| 5 | MR. DRISKILL: Thank you, Your Honor. |
| 6 | THE COURT: Thank you. |
| 7 | MR. McCANDLESS: Thank you, Your Honor. |

(Doc. 48 at 2-6.)

### *Plaintiff's Motion and Defendants' Response*

On October 30, 2023, Plaintiff filed a document titled "Notice of Rejection of Settlement Agreement as Submitted by Defendants." (Doc. 41.) Given the content of Plaintiff's filing, the Court construes it to be a motion to rescind the settlement agreement. Plaintiff contends he "agreed to a settlement agreement during this settlement conference but was reserved because defendants would only agree to settle if the same named defendants could not be liable in any other civil complaint for wrongs committed prior to or since the filing of this complaint." (*Id*. at 2.) Plaintiff states he "is open to settlement agreement but can not in good conscious agree to free defendants for all other potential wrongs unrelated to the ones named herein." (*Id*.) Plaintiff contends he "should not be restricted from exercising his rights to seek relief in the courts, this illegal and unethical approach to bundle unrelated potential constitutional wrongs that may or may not exist is absolutely unrealistic." (*Id*.) Plaintiff states: "Let us solve this matter only unless the defendants are willing to offer 10x the amount in this action which would prohibit plaintiff from filing civil litigation against name defendants except for the two civil actions already filed by plaintiff as of this date," referring to case numbers 1:19-cv-01591 and 1:23-cv-00149. (*Id*.) Plaintiff asserts "$40,000.00 dollars would be the current amount with the current stipulation as presented herein." (*Id*.) Plaintiff maintains "because of the stipulation by the defendants as presented during settlement conference on Sept. 26, 2023 #5 of the settlement agreement" and "#5 plaintiff simply would like to resolve this matter in its entirely." (*Id*.) Plaintiff contends that "unless Plaintiff's counter is granted, plaintiff will move to jury trial in this matter." (*Id*.)

4

On November 1, 2023, Defendants filed a reply to Plaintiff's motion. (Doc. 42.) Defendants contend the parties principally agreed that Plaintiff would dismiss the instant action with prejudice, "and waive all claims and causes of action, known or unknown, against all Defendants for any events occurring up to the date of the settlement agreement, *except* those claims that Plaintiff currently has on file" in this Court, referring to case number 1:19-cv-01591 and 1:23-cv-00149. (*Id*. at 1-2, emphasis in original.) Defendants state in exchange they agreed to pay Plaintiff the sum of $4,000. (*Id*. at 2.) Noting the terms of the settlement agreement were read into the record, Defendants assert the "Court mentioned that the parties would likely memorialize the same terms in a written settlement agreement to be signed by the parties, but that if there was any issue with coming to terms with the written agreement, the Court would enforce the parties' verbal agreement itself pursuant to the terms read into the record." (*Id*.) Thus, defense counsel prepared a written settlement agreement and sent it to Plaintiff for review and signature, but never received a response. (*Id*.) Defendants contend Plaintiff's motion "purports to 'reject' the settlement agreement," but note "Plaintiff admits in this document that he agreed to the settlement" of September 26, 2023. (*Id*.) Defendants assert Plaintiff "now wants to 'reject' the settlement agreement because he does not want to waive all existing claims he may have against the Defendants for events that may have occurred up to the date of the agreement" and demands a settlement sum "ten times the amount" agreed upon. (*Id*.) Defendants argue Plaintiff's rejection of the settlement agreement is "apparently 'buyer's remorse'" and that there is no legal basis for Plaintiff's rejection of the agreement placed on the record. (*Id*.) They contend it is well established that an agreement stated on the record is binding, citing to *Doi v. Halekulani Corp*., 276 F.3d 1131, 1138 (9th Cir. 2002), and maintain that because Plaintiff "agreed to terms of the settlement agreement the Court read into the record on September 26, 2023" the "agreement is binding upon him." (*Id*. at 2-3.) In conclusion, Defendants ask the Court to enter judgment pursuant to the terms stated on the record during the September 26, 2023, proceedings. (*Id*. at 3.)

Thereafter, on November 7, 2023, the Court issued an order directing the parties to respond within 21 days to specific inquiries posed by the Court. (Doc. 43.) More particularly, the parties were to indicate (1) whether they contend the written settlement agreement differs

1   materially from what was agreed to on the record, (2) whether there are any other objections to
2   the proposed written settlement agreement, and (3) whether they agree to the Court's substitution
3   of the proposed scope of release language in the fifth provision of the written settlement
4   agreement. (*Id*. at 5-6.)

5        Defendants filed a response on November 13, 2023, indicating the written settlement
6   agreement does not differ materially from what was agreed to on the record, Defendants have no
7   other objections to the written settlement agreement, and they agree to substitution of the fifth
8   provision of the written settlement as proposed by the Court. (Doc. 44)

9        Plaintiff filed his response on November 30, 2023 (Doc. 45). In response to whether he
10   contends the written settlement agreement differed materially from what was agreed on the
11   record, Plaintiff states he has not been provided "a full copy of the settlement conference record"
12   for comparison and further states he "certainly understood [the terms] differently." (*Id*. at 2.) In
13   response to whether he had any other objections to the proposed written settlement agreement,
14   Plaintiff states he "was reserved in agreeing to the settlement as presented during" the settlement
15   conference but agreed "with the understanding that Plaintiff could file his dispotion [sic] within
16   60 days." (*Id*. at 2.) Plaintiff further states he carefully considered the agreement before rejecting
17   the "settlement offer," understanding the settlement judge would impose reasonable terms. (*Id*. at
18   3.) Plaintiff asserts he is "not trained in the law and originally did not want to agree to the
19   settlement during the settlement conference as Plaintiff understood the verbal agreement
20   differently from how it was presented" in the written settlement agreement. (*Id*.) Plaintiff believed
21   the settlement judge would allow him "to refuse unreasonable term." (*Id*.) Next, citing to Local
22   Rule 160, Plaintiff contends because neither he nor the Defendants filed a notice of settlement,
23   "this action has not been settled and Plaintiff's rejection should be granted in this matter." (*Id*.)
24   Plaintiff further contends that a waiver of his rights to appeal was not mentioned during the
25   settlement conference—had it been he would not have agreed to settle because he intended to
26   pursue the dismissed conspiracy claim. (*Id*.) Also, Plaintiff states he "is without proper legal
27   research material" and thus was unable to properly respond to Defendants' reply of November 1,
28   2023. (*Id*.) In response to whether he agreed to the substitution of the fifth provision of the written

1  settlement agreement as proposed by the Court, Plaintiff states he "does not agree to the terms."
2  (*Id*. at 4.) He contends Madera County, the Madera County Jail, and certain employees "are liable
3  in other wrongs and Plaintiff will not relinquish his right to seek redress in the courts." (*Id*.)
4  Lastly, Plaintiff repeats he would be "willing to do so only if the amount payable to Plaintiff is
5  north of $4,000.00 dollars." (*Id*.)

6  At bottom, Plaintiff's response indicates he has no objection except to the scope of the
7  release.

## II.  DISCUSSION

### *The Applicable Legal Standards*

The Court has inherent authority to enforce settlement agreements between the parties in cases pending before it. *See Metronet Services Corp. v. U.S. West Communications*, 329 F.3d 986, 1013-1014 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds*, *Quest Corp. v. Metronet Services Corp*., 540 U.S. 1147 (2004); *Doi v. Halekulani Corporation*, 276 F.3d 1131, 1136-1138 (9th Cir. 2002). That authority extends to oral agreements. *Doi*, 276 F.3d at 1138; *see also Woods v. Carey*, No. 2:04-cv-1225 MCE AC P, 2015 WL 7282749, at *4 (E.D. Cal. Nov. 18, 2015), report and recommendation adopted, 2016 WL 11440086 (E.D. Cal. Jan. 15, 2016), aff'd, 715 Fed. App'x 694 (9th Cir. 2018). To enforce a settlement agreement, two elements must be satisfied. First, the settlement agreement must be complete. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); *Doi*, 276 F.3d at 1137. Second, the settlement agreement must be the result of an agreement of the parties or their authorized representatives concerning the terms of the settlement. *See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-1145 (9th Cir. 1977); *Doi*, 276 F.3d at 1137-1138. Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. *See, e.g.*, *Doi*, 276 F.3d 1131; *Spitzer v. Aljoe*, 734 F. App'x 457 (9th Cir. 2018); *Gastile v. Virga*, No. 2:11-cv-2829-JAM-EFB, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016).

In *Doi*, 276 F.3d 1131, an employee filed a discrimination lawsuit against her employer. *Id.* at 1134. The parties entered into settlement negotiations, and the district court facilitated

1  discussions that ultimately bore a settlement agreement. *Id.* The settlement agreement required
2  the employee to release all claims against the employer and to execute a stipulation dismissing the
3  action with prejudice. *Id.* In open court, the parties announced that they had reached a settlement
4  and placed the terms of the settlement on the record. *Id.* The attorney for the employer recited the
5  terms of the settlement, and the attorney for the employee assented to the terms. *Id.* The court then
6  asked the employee, "The terms, as stated right now, do you agree to those? . . . You do agree?"
7  *Id.* The employee responded, "Yeah." *Id.*

8  Within two days of reaching the agreement and placing it on the record, the employee
9  refused to execute the release and the stipulation to dismiss and proposed new settlement terms
10 inconsistent with those placed on the record. *Doi,* 276 F.3d at 1135. With leave of the Court, the
11 employer moved to enforce the settlement agreement and for sanctions in the form of attorney
12 fees. *Id.* The district court granted the motion, awarded a sanction of $1,000, and entered
13 judgment dismissing the case with prejudice. *Id.* at 1136. The employee appealed, arguing,
14 among other things, that she did not enter into any binding settlement agreement because she did
15 not actually intend to be bound until there was a writing. *Id.* at 1136-37. The Ninth Circuit
16 affirmed the district court's decision. *Id.* at 1141. The Court reasoned:

> In this case, however, the settlement was negotiated in off-the-record discussions with the court. The parties then went into open court and announced that there was a settlement. The settlement contained agreement as to all material terms, which terms were put on the record. And in response to direct questioning by the court, Doi stated that she agreed with the terms. Unlike in *Ciaramella*, then, there was no need for the court to engage in factual inquiries to determine whether Doi agreed to be bound by the terms of the agreement. Any question as to Doi's intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said "yeah."

24 *Id.* at 1137–38 (footnote omitted) (comparing the facts in *Doi* to those in *Ciaramella v. Reader's*
25 *Digest Ass'n, Inc.*, 131 F.3d 320 (2d Cir. 1997)). The Ninth Circuit also explained that: "At a
26 time where the resources of the federal judiciary... are strained to the breaking point, we cannot
27 countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the
28 settlement when it suits [him]. The courts spend enough time on the merits of litigation; we need

8

not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." *Doi*, 276 F.3d at 1141.

### *Analysis*

Applying these legal standards to Plaintiff's motion, the Court recommends denying Plaintiff's motion to rescind the settlement agreement.

Here, as in *Doi*, the settlement was negotiated in off-the record discussions with the Court. (Doc. 48 at 2.) The parties then went on the record and the Court indicated a settlement on material terms had been reached. (*Id*.) The Court recited the materials terms, including "a payment from defendants to plaintiff for $4,000, that's inclusive of any fees and costs" and that in exchange for said payment "Mr. Jackson is going to dismiss this case … with prejudice. He is also going to waive his right to any other lawsuit or claims regarding him being at Madera County Jail unless it is already part of a lawsuit that is pending." (*Id*. at 3:13-19.) Next, the Court asked Plaintiff, "is there any more you want to add or ask a question about?" (*Id*. at 4:9-10.) Plaintiff asked, "Are you saying that anything from this point prior," and the Court responded affirmatively. (*Id*. at 4:11-13.) Plaintiff then asked, "but anything they do hereafter, then I can still litigate that, correct?" (*Id*. at 4:14-15.) The Court again replied in the affirmative and clarified, "[i]t would be new actions, though. New things, new things that happen." (*Id*. at 4:16-19.) After obtaining defense counsel's assent that the Court's responses to Plaintiff's inquiries were correct, the Court asked "Mr. Jackson, do you agree to settle the case on these terms?" (*id*. at 4:21-24) and Plaintiff replied, "Yes, ma'am" (*id*. at 4:25).

Plaintiff engaged in a colloquy with the Court and expressly agreed to the material terms as recited by the Court. Here, like *Doi*, the settlement agreement contained the material terms placed on the record and Plaintiff agreed to those terms; thus, the parties had a binding oral agreement. *Doi*, 276 F.3d at 1136-1138. To the extent Plaintiff contends he was "reserved" at the settlement conference, suggesting he did not intend to be bound until there was a written settlement agreement, his contention lacks merit. Any question as to Plaintiff's intent to be bound by the terms of the agreement were answered when Plaintiff appeared via Zoom videoconferencing, listened to the material terms of the agreement placed on the record, and

9

1  responded, "Yes, ma'am" when the Court asked if he agreed with those terms. *Doi*, at 1138.
2  Moreover, the parties were advised during the on-the-record proceedings and just prior to the
3  recitation of the material terms to which all agreed, "when you do agree, you should consider this
4  binding." (*See* Doc. 48 at 3:9-10.)
5      In sum, Plaintiff agreed to dismiss this action with prejudice is exchange for the sum of
6  $4,000 and a waiver of any claims he may have against the Madera County Jail through
7  September 26, 2023, excepting two other actions filed in this Court, to wit: *Jackson v. Quick, et
8  al.*, 1:19-01591-JLT-EPG and *Jackson v. Marley, et al.*, 1:23-cv-00149-HBK. Plaintiff's motion
9  to rescind the settlement agreement should be denied. *Doi*, 276 F.3d at 1140 ("An agreement
10 announced on the record becomes binding even if a party has a change of heart after he agreed to
11 its terms, but before the terms are reduced to writing").

          ***The Additional Terms***

13     The Court now turns to the terms of the agreement to be enforced. Here, as explained
14 above, the parties set forth the material terms of the agreement on the record, including the
15 consideration—the settlement payment—the agreement to dismiss with prejudice, and the scope
16 of the release. Defense counsel then drafted the written settlement agreement, with additional
17 terms such as the acknowledgment that payment will be made subject to restriction payments and
18 similar terms. As noted during the on-the-record proceedings, the written settlement agreement
19 would include "other more minor terms" with "more fine print." (Doc. 48 at 3.)
20     The Court construes the terms of the agreement to be the written settlement agreement,
21 except that the scope of release will be construed as being exactly the scope set forth on the
22 record at the settlement conference. The parties agreed they expected such terms during the on-
23 the-record discussion. (*See* Doc. 48 at 3-4.) Moreover, the record reveals Plaintiff was given an
24 express opportunity to object to other terms but declined to do so. (*Id.* at 4.) On the contrary,
25 Plaintiff's motion indicates his objection rests on the scope of the release and no other terms. (*See*
26 Doc. 41 at 2 ["Because of the stipulation by the defendants as presented during the settlement
27 conference on Sept. 26, 2023 #5 of the settlement agreement"].) Plaintiff's supplemental filing in
28 response to the Court's questions, confirms Plaintiff's objection rests on the scope of the release.

(*See* Doc. 45 at 1 ["Plaintiff was not clear on the particulars as pertains to waving all claims and causes of action, known or unknown…except those claims that Plaintiff currently has on file" and "showed his confusion on the issue as to giving up his rights to not file … for past wrongs or even for wrongs committed since the filing of this action, the parties had discussions but the legal jargon evaded" his understanding"].)

The Court thus finds the written settlement agreement is a full statement of the terms of the settlement. However, the Court will construe the terms of the release to fit exactly what was said on the record.

As proposed by the Court in its November 7, 2023 Order, the fifth provision of the written settlement agreement prepared by Defendants[1] should be modified as follows:

> Plaintiff agrees to dismiss this case, 20-cv-1567, with prejudice. He also agrees to waive his right to any other lawsuit or claims regarding him being at Madera County Jail, based on events occurring before the date of the settlement conference, unless it is already part of a lawsuit that is pending. The lawsuits that were pending, and thus not included in the settlement, were 19-cv-1591, and Jackson v. Marley, 23-cv-149. Other than those two cases, Plaintiff agrees to waive any rights to a new claim, or a new assertion or a lawsuit, that is about Madera County Jail.

This proposed modification of the scope of the release comports with the oral agreement stated on the record: that "in exchange for" Defendant's payment of $4,000 "Mr. Jackson is going to dismiss this case, 20-CV-01567, with prejudice;" that Plaintiff "is also going to waive his right to any other lawsuit or claims regarding him being at Madera County Jail unless it is already part of a lawsuit that is pending;" and that Plaintiff's other actions pending in this Court—1:19-cv-01591 and 1:23-cv-00149—"can continue, and [Plaintiff is] not going to be waiving any rights to continue those cases." (*See* Doc. 48 at 3-4.)

### III.  CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion to rescind the settlement agreement (Doc. 41) be **DENIED**;
2. The terms of the settlement are as reflected in the written settlement agreement

---

[1] The language originally included in the written settlement agreed drafted by defense counsel is recounted in the November 7, 2023 Order. (*See* Doc. 43 at 4-5.)

11

prepared by Defendants (*see* Doc. 42-1 at 5-8) with the exception that provision 5 of the Terms of Resolution (*id.* at 6) shall state as follows:

> Plaintiff agrees to dismiss this case, 20-cv-1567, with prejudice. He also agrees to waive his right to any other lawsuit or claims regarding him being at Madera County Jail, based on events occurring before the date of the settlement conference, unless it is already part of a lawsuit that is pending. The lawsuits that were pending, and thus not included in the settlement, were 19-cv-1591, and Jackson v. Marley, 23-cv-149. Other than those two cases, Plaintiff agrees to waive any rights to a new claim, or a new assertion or a lawsuit, that is about Madera County Jail.

3. The settlement be construed with an effective date of the date of the order adopting these Findings and Recommendations, such that all deadlines in the agreement will run from that date.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 9, 2024**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE