UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>KHALIB, et al.,<br><br>            Defendants. | Case No. 1:20-cv-01567-KES-SKO (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOLLOWING COMPLETED SETTLEMENT |

**I.     BACKGROUND**

A settlement conference was held in this case before Magistrate Judge Erica P. Grosjean on September 26, 2023.[1]  Docs. 40, 48.  The parties reached a settlement, the terms and conditions of which were noted on the record, and dispositional documents were ordered to be filed within 60 days.  *See* Doc. 48.  Thereafter, on October 30, 2023, plaintiff filed a document titled "Notice of Rejection of Settlement Agreement as Submitted by Defendants," purporting to rescind the settlement agreement.[2]  Doc. 41.  Defendants replied to plaintiff's filing the following day.  Doc. 42.

---

[1] Magistrate Judge Grosjean presided over the settlement conference, but the case was otherwise assigned to Magistrate Judge Sheila K. Oberto.

[2] On January 29, 2024, plaintiff nonetheless filed a notice to change the name and address to which the settlement check should be sent and requested another copy of the settlement agreement to sign.  Doc. 53 at 2.

1   On January 9, 2024, Magistrate Judge Grosjean issued findings and recommendations to
2 deny plaintiff's motion to rescind the settlement agreement, based on the parties' agreement on
3 the record as to the settlement.  Doc. 50.  On February 27, 2024, the court adopted the findings
4 and recommendations with one modification and denied plaintiff's motion to rescind the
5 settlement agreement.[3]  Doc. 54.  The court found that, with one modification as reflected in the
6 court's order, the written settlement agreement submitted by defendants reflected the terms of the
7 parties' settlement.  Doc. 54 at 2.  Pursuant to the parties' settlement agreement, plaintiff was
8 required to dismiss this case with prejudice.  *Id.*

9   On April 30, 2024, Magistrate Judge Oberto issued an order to show cause ("OSC"),
10 noting that under the court's prior orders dispositional documents were to be filed by no later than
11 April 29, 2024, and directing defendants to show cause in writing why sanctions should not be
12 imposed for the parties' failure to comply with the court's orders.  Doc. 58.

13   On May 1, 2024, defendants filed a written response to the OSC, supported by a
14 declaration from defense counsel.  Docs. 59, 59-1.  Defense counsel notes that the written
15 settlement agreement provides that, upon defendants' payment of $4,000 to plaintiff, "Plaintiff
16 was obligated to file a Request for Dismissal with Prejudice within five (5) business days"; that
17 the County of Madera issued a check in the sum of $4,000 to plaintiff; and that plaintiff received
18 the settlement funds on March 21, 2024 through his representative.  Doc. 59-1 at 2, ¶¶ 5-6.
19 Defense counsel notes that plaintiff has failed to file a request for dismissal despite having
20 received payment in full on March 21, 2024.  *Id*. at 2, ¶ 7.  Defendants state they "are obviously
21 unable to file a request for dismissal on [Plaintiff's] or their own behalf."  Doc. 59 at 2.
22 Defendants request that the court dismiss the action with prejudice because they have performed
23 their only remaining obligation by issuing the $4,000 payment to plaintiff.  *Id*.  Plaintiff has not
24 responded to defendants' filing.  *See* docket.

25 ///
26 ///

---

[3] At that time, this action was assigned to the "NODJ" docket.  This case was subsequently reassigned to the undersigned on March 14, 2024.  Doc. 56.

2

## II. DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); accord *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002).  The court has previously found plaintiff to be bound by the parties' settlement agreement, including the obligation to dismiss this case with prejudice. *See* Doc. 54.  Defendants have submitted proof that they have paid plaintiff the $4,000 settlement funds in accordance with the settlement agreement, and that plaintiff was therefore obligated to file a dismissal of this case.  *See* Doc. 59-1 at 4, 6.

This action remains open because plaintiff has failed to file a notice of dismissal, but there are no further issues pending before the court.  Therefore, this action should be dismissed with prejudice in accordance with the parties' settlement agreement.  *See* Doc. 54 at 2.

## III. CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that this action is DISMISSED with prejudice. Accordingly, the Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated:   October 11, 2024

UNITED STATES DISTRICT JUDGE

3